IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Alice L. Roseboro, | ) |
| | ) C/A No. 0:10-3267-MBS-PJG |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) **O R D E R** |
| Comporium Communications, Rock Hill | ) |
| Telephone Co.; Mary Graveley; Tiffany | ) |
| Thompson; Louis Ridinger; Frank | ) |
| Marshall; Glen McFadden; and Jeff | ) |
| Bushardt, | ) |
| | ) |
| Defendants. | ) |
| | ) |

Plaintiff Alice L. Roseboro, proceeding pro se, filed a complaint on December 23, 2010, alleging that she was discriminated against by her former employer and co-employees. She amended her complaint on April 1, 2011. Plaintiff brings this action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et seq. ("Title VII"). In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Paige J. Gossett for pretrial handling.

On September 29, 2011, Plaintiff filed a motion to dismiss without prejudice because medical problems made it difficult for her to pursue her case. On October 17, 2012, Defendants filed a response to Plaintiff's motion, urging the court to impose a deadline not exceeding six months to re-file the action. On November 23, 2011, Plaintiff filed an amended motion to dismiss in which she requested the court to impose a deadline to refile of not less than one year. On January 27, 2012, Plaintiff filed a motion for contempt and default judgment based upon her contention that Defendants were harassing her by interrupting her internet service and hindering her from making

progress with her case.

On February 8, 2012, the Magistrate Judge filed a Report and Recommendation. The Magistrate Judge reviewed the record in the case, and recommended that Plaintiff's motion to dismiss be granted without prejudice upon the following conditions: (1) any new action shall be filed within six months after the date the instant action is dismissed; and (2) any discovery materials or other evidence obtained during the course of the litigation of this matter also be used in any subsequent matter. The Magistrate Judge further recommended that the remaining pending motions be terminated with leave to renew them if Plaintiff files a new action.

On February 28, 2012, Plaintiff filed objections to the Report and Recommendation. Plaintiff reiterated her claims that Defendants had harassed her and retaliated against her and objected to the Magistrate Judge's declining to rule on her motion for contempt and default judgment. Plaintiff filed supplemental objections on June 28, 2012. On June 28, 2012, Plaintiff withdrew her amended motion to dismiss.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). This court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1). This court may also receive further evidence or recommit the matter to the Magistrate Judge with instructions. Id. This court is obligated to conduct a de novo review of every portion of the Magistrate Judge's report to which objections have been filed. Id.

As an initial matter, the court notes that, since Plaintiff has withdrawn her amended motion to dismiss, the issue addressed by the Report and Recommendation is moot. However, Plaintiff

requests the court to address her pending motion that Defendants should be held in contempt and default judgment entered against them.

A court may impose sanctions for civil contempt "'to coerce obedience to a court order or to compensate the complainant for losses sustained as a result of the contumacy.'" Cromer v. Kraft Foods N. America, Inc., 390 F.3d 812, 821 (4th Cir. 2004) (quoting In re General Motors Corp., 61 F.3d 256, 258 (4th Cir.1995)). Because no court order is at issue, the court construes Plaintiff's motion as one seeking sanctions and default judgment against Defendants for their alleged harassment of Plaintiff.

A district court has the inherent authority to impose sanctions against a party who "'has acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" Thomas v. Ford Motor Co., 244 F. App'x 535, 538 (4th Cir. 2007) (quoting Chambers v. NASCO, Inc., 501 U.S. 32, 45-46 (1991)). This inherent authority "'extends to a full range of litigation abuses.'" Id. (quoting Thomas, 501 U.S. at 46). In this case, Plaintiff asserts that Defendants have blocked access to certain of her telephone bills; that former co-workers are being monitored to prevent giving Plaintiff information; that Defendants have been interfering with her internet service by blocking websites, having her modem flash on and off, causing her printer to make a funny noise, and hacking into her computer; and that their repairmen hang out in front of her house. Plaintiff also objects to counsel's refusal to reschedule Plaintiff's deposition.

The court's review of the docket discloses that Defendants have not responded to Plaintiff's motion for contempt and default judgment, perhaps due to the issuance of the Report and Recommendation prior to the date a response to the motion was due. Accordingly, the court declines to rule on Plaintiff's motion at this time. The court directs Defendants to respond to Plaintiff's

motion (ECF No. 67) within fifteen (15) days of the date of entry of this order. The case is recommitted to the Magistrate Judge for additional pretrial handling, to include Plaintiff's motion for contempt and default judgment.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
Chief United States District Judge

Columbia, South Carolina

July 23, 2012