IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Alice L. Roseboro, | ) | C/A No. 0:10-3267-MBS-PJG |
| Plaintiff, | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| Comporium Communications, *Rock Hill Telephone Co.*; Mary Graveley; Tiffany Thompson; Louis Ridinger; Frank Marshall; Glen McFadden; and Jeff Bushardt, | ) | |
| Defendants. | ) | |

The plaintiff, Alice L. Roseboro ("Roseboro"), a self-represented litigant, filed this employment discrimination matter against the named defendants. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC on Roseboro's motion for sanctions and for default judgment[1] (ECF No. 67), to which the defendants have responded (ECF No. 86) pursuant to the Order of the Honorable Margaret B. Seymour, Chief United States District Judge, filed July 23, 2012 (ECF No. 77).

In Roseboro's motion and objections, she alleges that from May 2011 through December 2011 the defendants interfered with her ability to proceed with this case by interrupting her internet service, blocking websites, having her modem flash on and off, causing her printer to make a funny noise, and hacking into her computer.[2] She also asserts that workers would park in front her

---

[1] Although Roseboro also requested that the defendants be held in contempt, the district judge previously construed her motion as seeking sanctions and default judgment because no court order is at issue. (ECF No. 77 at 3.)

[2] The court observes that the parties appear to agree that Roseboro's former employer, Defendant Comporium Communications, was Roseboro's internet provider during the times at issue.

Page 1 of 3



residence for no reason; that the defendants refused to reschedule her deposition; that the individual who served Roseboro with the notice of her deposition was rude, arrogant, and harassing; and that the defendants are blocking access to her telephone bills and monitoring former co-workers to prevent them from giving Roseboro any information.

Upon a thorough review of the parties' filings, the court finds that Roseboro's vague and speculative allegations are insufficient to support her motion for sanctions, especially when considered in conjunction with the defendants' voluminous evidence refuting her claims. For example, the defendants have submitted an affidavit of Frank Marshall, the vice president of sales and residential services for Comporium Communications, addressing each of Roseboro's allegations; a listing of her contacts to customer service; fourteen of her customer service tickets; a disc of the recordings between Roseboro and customer service; and a spreadsheet of her customer service calls. Accordingly, pursuant to Chief Judge Seymour's Order of July 23, 2012, the court finds that sanctions, including default judgment, are not warranted and recommends that Roseboro's motion be denied. (ECF No. 67.)

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

August 21, 2012
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).