IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

ROCK HILL DIVISION

| | |
|---|---|
| Alice L. Roseboro, ) | |
| ) | C/A No. 0:10-3267-MBS-PJG |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **O R D E R** |
| Comporium Communications, Rock Hill ) | |
| Telephone Co.; Mary Graveley; Tiffany ) | |
| Thompson; Louis Ridinger; Frank ) | |
| Marshall; Glen McFadden; and Jeff ) | |
| Bushardt, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Plaintiff Alice L. Roseboro, proceeding pro se, filed a complaint on December 23, 2010, alleging that she was discriminated against by her former employer, Defendant Comporium Communications; and co-employees, Defendants Mary Graveley, Tiffany Thompson, Louis Ridinger, Frank Marshall, Glen McFadden, and Jeff Bushardt. Plaintiff amended her complaint on April 1, 2011. Plaintiff brings this action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et seq. ("Title VII"). In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Paige J. Gossett for pretrial handling.

On September 29, 2011, Plaintiff filed a motion to dismiss without prejudice because medical problems made it difficult for her to pursue her case. On October 17, 2012, Defendants filed a response to Plaintiff's motion, urging the court to impose a deadline not exceeding six months to re-file the action. On November 23, 2011, Plaintiff filed an amended motion to dismiss in which she

requested the court to impose a deadline to refile of not less than one year. On January 27, 2012, Plaintiff filed a motion for contempt and default judgment[1] based upon her contention that Defendants were harassing her and preventing her from making progress on her case by interrupting her internet service, blocking websites, causing her modem to flash on and off, causing her printer to make strange noises, and "hacking" into her computer. She also contends that workers with Comporium Communications would park in front of her residence for no reason; that Defendants refused to reschedule her deposition; that the individual who served Plaintiff with her notice of deposition was rude; and that Defendants have blocked Plaintiff's access to her telephone bills and are monitoring its employees to prevent them from giving Plaintiff information.

On February 8, 2012, the Magistrate Judge filed a Report and Recommendation. The Magistrate Judge reviewed the record in the case, and recommended that Plaintiff's motion to dismiss be granted without prejudice upon the following conditions: (1) any new action shall be filed within six months after the date the instant action is dismissed; and (2) any discovery materials or other evidence obtained during the course of the litigation of this matter also be used in any subsequent matter. The Magistrate Judge further recommended that the remaining pending motions be terminated with leave to renew them if Plaintiff files a new action.

On February 28, 2012, Plaintiff filed objections to the Report and Recommendation. Plaintiff reiterated her claims that Defendants had harassed her and retaliated against her and objected to the Magistrate Judge's declining to rule on her motion for contempt and default judgment. Plaintiff filed supplemental objections on June 28, 2012. On June 28, 2012, Plaintiff withdrew her amended

---

[1] Because no court order is at issue, the court has construed Plaintiff's motion as one seeking sanctions and default judgment against Defendants for their alleged harassment of Plaintiff.

motion to dismiss.

On July 23, 2012, the court issued an order in which it noted that Plaintiff had withdrawn her motion to dismiss, and that the issue addressed by the Report and Recommendation was moot. The court granted Defendants additional time to respond to Plaintiff's motion for contempt and default judgment. The matter was recommitted to the Magistrate Judge for additional pretrial handling.

On August 20, 2012, Defendants filed a response in opposition to Plaintiff's motion for contempt and default judgment. Defendants contend that there is no evidence to support Plaintiff's allegation that Defendants have interfered with Plaintiff's lawsuit. Among other things, Defendants assert that, contrary to Plaintiff's allegations, they (1) have not interfered with Plaintiff's internet service or blocked websites, but instead have provided her with customer service or technical support when contacted; (2) are not monitoring Plaintiff's former co-workers; (3) have not caused her modem or printer to malfunction, (4) have not "hacked" into her computer; (5) have not had workers parking in front of Plaintiff's residence except to correct service problems or provide routine maintenance. As to Plaintiff's contention that Defendants refused to change the date of her deposition, Defendants recount that the location of Plaintiff's deposition changed, and Plaintiff was notified of the change by letter. Plaintiff failed to appear for her deposition. Defendants filed a motion to compel, and Plaintiff was ordered by the Magistrate Judge to appear for a deposition on September 13, 2011. Plaintiff contends that Defendants knew she had a conflict that day. Defendants deny this allegation, but also observe that their counsel did not believe the date set by the Magistrate Judge could be unilaterally changed by the parties. In support of their response, Defendants have provided the court with an affidavit of Frank Marshall, Vice President of Sales and Residential Services, to which are attached copies of an electronic bill, listing of contacts to customer

3

service by Plaintiff, customer service tickets, a disc of recordings between Plaintiff and customer service representatives, and a spreadsheet showing a customer service call to Plaintiff and a neighbor.

On August 21, 2012, the Magistrate Judge issued a Report and Recommendation in which she determined that Plaintiff's allegations were insufficient to support her motion for contempt and default judgment, especially when considered in conjunction with Defendants' evidence refuting her claims. Accordingly, the Magistrate Judge recommended that Plaintiff's motion be denied. Plaintiff filed objections to the Report and Recommendation on September 18, 2012.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). This court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1). This court may also receive further evidence or recommit the matter to the Magistrate Judge with instructions. Id. This court is obligated to conduct a de novo review of every portion of the Magistrate Judge's report to which objections have been filed. Id.

In her objections, Plaintiff generally reiterates the allegations of her motion. Plaintiff also contends that the evidence presented by Defendants has been edited and are inaccurate, and that the Magistrate Judge did not spend adequate time reviewing her objections. The district court need not conduct a de novo review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations. Orpiano v. Johnson, 687 F.2d 44, 47-48 (4th Cir. 1982). Nevertheless, the court has thoroughly reviewed the record. The court concurs in the Report and Recommendation and incorporates it

4

herein by reference. Plaintiff's motion for default and sanctions (ECF No. 67) is **denied**. The action is recommitted to the Magistrate Judge for further pretrial handling.

    **IT IS SO ORDERED**.

                                             /s/ Margaret B. Seymour
                                             Chief United States District Judge

Columbia, South Carolina

September 19, 2012.