IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

ROCK HILL DIVISION

| | |
|---|---|
| Alice L. Roseboro, ) | |
| ) | C/A No. 0:10-3267-MBS |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **O R D E R** |
| Comporium Communications, Rock Hill ) | |
| Telephone Co.; Mary Graveley; Tiffany ) | |
| Thompson; Louis Ridinger; Frank ) | |
| Marshall; Glen McFadden; and Jeff ) | |
| Bushardt, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

Plaintiff Alice L. Roseboro, proceeding pro se, filed a complaint on December 23, 2010, alleging that she was discriminated against by her former employer, Defendant Comporium Communications, and co-employees, Defendants Mary Graveley, Tiffany Thompson, Louis Ridinger, Frank Marshall, Glen McFadden, and Jeff Bushardt. Plaintiff amended her complaint on April 1, 2011. Plaintiff brings this action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et seq. ("Title VII"). In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Paige J. Gossett for pretrial handling.

On October 9, 2012, Defendants filed a motion for summary judgment. By order filed October 10, 2012, in accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Plaintiff was advised of the summary judgment procedure and the possible consequences of failing to respond adequately. Plaintiff filed a response in opposition to Defendants' motion on December 18, 2012.

Plaintiff filed a number of motions before the Magistrate Judge, specifically: motion for contempt filed on October 9, 2012 (ECF No. 115); motion for affidavit of prejudice filed on November 13, 2012 (ECF No. 122); motion for affidavit of prejudice filed on November 19, 2012 (ECF No. 128); motion for contempt and default judgment on November 29, 2012 (ECF No. 129); motion to dismiss on December 11, 2012 (ECF No. 134); motion to compel (ECF No. 143), motion to accept handwritten files (ECF No. 144), motion to correct docket and to compel (ECF No. 145), motion for contempt (ECF No. 146), and motion for order of hindrance against Clerk of Court and for default judgment (ECF No. 147) on January 14, 2013; motion to compel on January 29, 2013 (ECF No. 150); motion for order to compel charges of perjury on February 1, 2013 (ECF No. 157); motion to compel, for contempt, and for default judgment on February 14, 2013 (ECF No. 159); motion to compel and for default judgment on March 18, 2013 (ECF No. 162); motion to compel and for default judgment on April 5, 2013 (ECF No. 169); and motion to strike order on motion to compel on July 16, 2013 (ECF No. 178).

On July 22, 2013, the Magistrate Judge filed a Report and Recommendation. The Magistrate Judge thoroughly reviewed the voluminous filings in this case and the applicable law, and determined that (1) Plaintiff's claims arising before December 14, 2008 are untimely and procedurally barred; (2) Plaintiff failed to establish a prima facie case of race discrimination; and (3) Plaintiff failed to establish a claim of retaliation. Accordingly, the Magistrate Judge Recommended that Defendants' motion for summary judgment be granted. The Magistrate Judge further recommended that the remaining pending motions be denied as without merit.

On July 23, 2013, Plaintiff filed a motion to compel and motion to strike. ECF Nos. 183, 184. Plaintiff filed objections to the Report and Recommendation on August 8, 2013. On August

26, 2013, Plaintiff also filed a "Motion to Compel the court to accept the Exhibits below[.]" ECF No. 189. The court has construed Plaintiff's motion as a motion to supplement the record. The court **grants** Plaintiff's motion (ECF No. 189) and has reviewed the exhibits supplied by her.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). This court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1). This court may also receive further evidence or recommit the matter to the Magistrate Judge with instructions. Id. This court is obligated to conduct a de novo review of every portion of the Magistrate Judge's report to which objections have been filed. Id.

In her objections, Plaintiff generally reiterates the allegations of her motion, contends that all affidavits submitted by Defendants in support of their motion contain false statements, and asserts that Defendants sabotaged her PACER account.[1] The district court need not conduct a *de novo* review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations. Orpiano v. Johnson, 687 F.2d 44, 47-48 (4th Cir. 1982). Plaintiff's comments do not rebut the Magistrate Judge's conclusion that Defendants are entitled to summary judgment and that Plaintiff's motions should be denied.

---

[1] Plaintiff also takes issue with the Roseboro order because it included instructions as to responding to either a motion to dismiss or for summary judgment, and she "picked MOTION TO DISMISS my case (my choice) since there are 7 defendants and only 3 submitted affidavits to there *[sic]* summary judgment, I could only assume that the remaining 4 are the Ones who wanted to dismiss my case." ECF No. 187, 2. Regardless of any confusion by Plaintiff as to the purpose of the Roseboro order, the court discerns no prejudice because the Magistrate Judge considered all the evidence before her in analyzing Plaintiff's claims and making her recommendation.

The court has thoroughly reviewed the record. The court concurs in the Magistrate Judge's exhaustive Report and Recommendation and incorporates it herein by reference. Defendants' motion for summary judgment (ECF No. 112) is **granted.** Plaintiff's motions (ECF Nos. 115, 122, 128, 129, 134, 143, 144, 145, 146, 147, 150, 157, 159, 162, 169, 178, 183, and 184) are **denied**.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
Senior United States District Judge

Columbia, South Carolina

August 29, 2013

**NOTICE OF RIGHT TO APPEAL**

**Plaintiff is hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**